UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PHILLIP MCKENNA, | No. 2:22-cv-01294-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| T. CISNEROS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Procedural History**

On October 25, 2022, this court dismissed plaintiff's 116 page complaint for failing to state a claim. Plaintiff was provided with the relevant legal standards governing his potential claims and granted leave to file an amended complaint. However, the court limited any amended complaint to no more than 25 pages based on plaintiff's verbose and repetitious filings. Plaintiff was additionally warned against joining unrelated claims and defendants into a single action. By separate order, plaintiff's multiple motions for a preliminary injunction were denied without prejudice by the district judge assigned to this case on December 15, 2022. Since that time, plaintiff has filed two additional motions for a temporary restraining order and three motions for

the appointment of counsel.  See ECF Nos. 37, 40 42, 50-51.  Also pending before the court for screening is plaintiff's second amended complaint.[1]  ECF No. 49.

## II. Screening Requirement

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

## III. Allegations in the Second Amended Complaint

Plaintiff once again names 29 defendants at four different prisons in California, some of whom are identified by name and others identified only as John Does.  ECF No. 49. He is suing each defendant in their individual capacity for monetary damages.

In his first claim for relief, plaintiff asserts that he has been retaliated against in violation of the First Amendment through a wide-spread campaign of harassment to prevent him from exhausting his administrative grievances in order to properly sue defendants.  Specifically, plaintiff contends that on October 25, 2020 six unnamed officers at the California Substance Abuse Treatment Facility ("CSATF") came to his cell, took him to administrative segregation based on fabricated charges, and destroyed 4 boxes of his legal property.  As the warden of CSATF, plaintiff sues defendant Cisneros in his supervisory capacity for these retaliatory actions of the individual officers employed at the same prison.

Within the same claim for relief, plaintiff also alleges that defendants Leahy, Garcia, Tyler, Coronado, Sayama, Diaz, Brown, Dunn, Valdez and Knudson used excessive force against him on February 18, 2021 on orders from defendant Cisneros.  Plaintiff generally explains that he was repeatedly hit in the face, chest and stomach and that chemicals were sprayed in his cell

---

[1] Plaintiff filed a first amended complaint that was docketed on February 27, 2023.  ECF No. 47. However, plaintiff filed a second amended complaint before the court could screen the amended complaint.  Because the second amended complaint supersedes the amended complaint as a matter of law, the court will proceed to screen the second amended complaint.

causing him bruises and additional injuries. However, plaintiff does not specify what individual actions each of these defendants at CSATF engaged in that amounted to excessive force.

After being transferred to Corcoran State Prison two days later, plaintiff received medical attention for his injuries. Plaintiff also contends that while at Corcoran State Prison, the warden failed to protect him from being attacked by other prisoners after correctional officers used derogatory prison slang to make him a target.

After being transferred to Mule Creek State Prison, plaintiff asserts that he was denied a custody classification hearing so that he could not inform state officials about the violation of his rights at other prisons. However, plaintiff continued to write to outside lawyers about his mistreatment by prison officials. The warden and other named correctional officers at Mule Creek also let other prisoners steal his property when he was transferred to administrative segregation.

Plaintiff was subsequently transferred to the California Medical Facility ("CMF") where he was denied his annual classification hearing in retaliation for filing the instant lawsuit. On May 28, 2022 the water in plaintiff's cell was turned off and he was denied yard access until he weighed himself. Plaintiff refused and boarded up the window to his cell leading to the use of excessive force during his cell extraction by defendants Covello, Sweeten, Troth, Heath, Aguilar, Rota, Tarrant, and a John Doe Sergeant.

In his second claim for relief, plaintiff raises supplemental state law assault and battery claims against defendants Leahy, Garcia, Tyler, Tumacder, Brown, Fagundes, Govea, Silva, Coronado, Sayama, Diaz, Valdez, Knudson and Warden Cisneros on February 18, 2021. Plaintiff raises additional state law assault and battery claims against the defendants at CMF who used excessive force against him on May 28, 2022.

In his third claim for relief, plaintiff alleges that defendant Cisneros, the warden at CSATF, failed to protect him from harm by other inmates in violation of his Eighth Amendment rights and set him up to be attacked by these inmates. While at Corcoran State Prison, Warden Campbell also conspired to have plaintiff attacked and killed by other inmates. Lastly, plaintiff reiterates his claims against defendants at CMF and Mule Creek State Prisons that he raised in

claim one.

By way of relief, plaintiff seeks compensatory and punitive damages as well as an order protecting him from harm and the opportunity to prove his innocence on his commitment offense from Orange County, California.

### IV. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in the amended complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

4

1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Joinder of Multiple Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

### D. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### E. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

### F. Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). However, to state a viable claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

### V. Analysis

In screening this amended complaint against multiple defendants at four different prisons, the court looks at the claims against the first named defendant and then determines what additional claim(s) have been properly joined to the claims against that defendant. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). The court may dismiss any misjoined defendants without prejudice to the plaintiff's filing of new, separate lawsuits against the dropped defendants. Id.; see Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms,

add or drop a party.").

The first named defendant in the amended complaint is defendant Cisneros who is employed as the warden at CSATF. The First Amendment retaliation claim against defendant Cisneros fails to state a claim for relief because it is based on supervisory liability. As the court previously explained to plaintiff, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). As plaintiff has previously been granted leave to amend and has not been able to cure this defect, there does not appear to be any additional factual allegations that would adequately link the warden to the alleged acts of retaliation. Therefore, the undersigned recommends dismissing the First Amendment retaliation claim against defendant Cisneros without further leave to amend.

Plaintiff also alleges that defendant Cisneros ordered CSATF correctional officers to use excessive force against him on February 18, 2021. Based on the vague and conclusory allegations concerning this use of force, the court is unable to determine if they rise to the level of a cognizable Eighth Amendment violation. Plaintiff generally describes the type of force that was used against him and his resulting injuries, but he does not individually link each named defendant to any of these specific actions. Therefore, the court cannot discern whether the force used by each individual defendant was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Plaintiff will be granted one last opportunity to amend his complaint only with respect to the excessive force and failure to protect claims alleged to have occurred on February 18, 2021 involving defendants Cisneros, Leahy, Garcia, Tyler, Coronado, Sayama, Diaz, Brown, Dunn, Valdez and Knudson. Plaintiff is also granted leave to include any supplemental state law assault and battery claims arising from this same incident against these same defendants in the third amended complaint.

If plaintiff chooses to further amend his complaint, he should pay particular attention to the legal standard provided in this order for an excessive force claim. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The remaining allegations occurred at different prisons and on different dates. Although plaintiff alleges in a conclusory fashion that there is campaign of harassment against him by all named defendants, this is not sufficient to establish that these claims arise out of the same transaction or occurrence or involve a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). Accordingly, the undersigned finds that all of the defendants employed at Corcoran State Prison, Mule Creek, and CMF have been improperly joined to the present action and should be dismissed without prejudice to filing separate lawsuits against them.

**VI.     Motion for Temporary Restraining Order**

Now that the court has screened plaintiff's second amended complaint, the court turns to plaintiff's pending motion for a temporary restraining order. ECF No. 37. Plaintiff alleges that he is in imminent danger at CMF because another inmate attacked him on December 4, 2022 and other prisoners are threatening to harm him. As a result of this attack, plaintiff requested to be placed in protective custody at the prison. A subsequently filed motion for emergency relief indicates that plaintiff was placed in protective custody, but the warden removed him from "max custody." ECF No. 40 at 3.

Since filing these motions, plaintiff has been transferred to Mule Creek State Prison. See ECF No. 44 (Notice of Change of Address). In light of plaintiff's change of address, the court has also considered plaintiff's motion for court intervention that was docketed on March 6, 2023.

ECF No. 48. These additional allegations indicate that plaintiff had mail returned to him that was addressed to various lawyers.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff has not demonstrated that he is likely to succeed on the merits because the second amended complaint is being dismissed for failing to state any cognizable claim for relief. Additionally, plaintiff's request for relief is now moot since he is no longer confined at CMF. Due to his transfer to a different prison, plaintiff cannot demonstrate any irreparable harm that will befall him in the absence of injunctive relief. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969). For all these reasons, the undersigned recommends that

plaintiff's motions for emergency injunctive relief be denied without prejudice. ECF Nos. 37, 40, 48.

### VII. Motion for Appointment of Counsel

In a separately filed motion, plaintiff requests the appointment of counsel based on his placement in protective custody and confiscation of his property. ECF No. 42. In the motion, plaintiff argues that he needs a lawyer because he has no paper to write on. However, since that time, plaintiff has filed eight separate pleadings consisting of over 90 pages.

As plaintiff has been previously informed, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. His motion for the appointment of counsel is denied without prejudice. Plaintiff's subsequently filed motions for counsel are stricken from the docket as being filed in violation of this court's October 25, 2022 order limiting his pleadings.

**Plaintiff is once again cautioned against filing repetitious motions. Plaintiff's continued failure to heed this court's order limiting his filings will subject him to future sanctions including the possible dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

### VIII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your second amended complaint and determined that only the Eighth Amendment excessive force and failure to protect claims against defendants employed at CSATF should be allowed to proceed in a third amended complaint. It is recommended that the remaining defendants be dismissed from this action without prejudice because they have been improperly joined to the present suit. These claims against the remaining defendants at prisons other than CSATF may be raised in separate civil actions if you choose to file them.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. The Eighth Amendment excessive force claim alleged to have occurred on February 18, 2021 involving defendants Cisneros, Leahy, Garcia, Tyler, Coronado, Sayama, Diaz, Brown, Dunn, Valdez and Knudson is dismissed for failing to state a claim upon which relief may be granted.

2. Plaintiff is granted thirty days from the date of this order to file a third amended complaint **limited to no more than 25 pages in length. Leave to amend is only granted with respect to the excessive force and failure to protect claims as well as any supplemental state law claim of assault and battery against defendants Cisneros, Leahy, Garcia, Tyler, Coronado, Sayama, Diaz, Brown, Dunn, Valdez and Knudson. Failure to file an amended complaint that complies with this order shall result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

3. Plaintiff's motion for the appointment of counsel (ECF No. 42) is denied without prejudice.

4. Plaintiff's repetitious motions for counsel (ECF Nos. 50, 51) are stricken from the docket as being filed in violation of this court's October 25, 2022 order.

IT IS FURTHER RECOMMENDED that:

1. The First Amendment retaliation claim against defendant Cisernos be dismissed without further leave to amend for failing to state a claim upon which relief may be granted.

2. All defendants employed at Corcoran State Prison, Mule Creek, and CMF be dismissed without prejudice to filing new lawsuits based on their improper joinder to the present action.

3. Plaintiff's motions for emergency injunctive relief (ECF Nos. 37, 40, 48) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 11, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcke1294.B+F&R.docx